**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| Stella F. Green § | | |
|    Debtor(s) § | § | CASE NO. 09-43700-BTR-13 |
| | § | CHAPTER NO. 13 |
| U.S. Bank, National Association, as successor § | | |
| trustee to Bank of America, National § | | |
| Association, as successor by merger to LaSalle § | § | CONFIRMATION |
| Bank National Association, as Trustee for § | § | HEARING DATE: 02/24/2010 |
| Merrill Lynch First Franklin Mortgage Loan § | § | HEARING TIME: 9:30 A.M. |
| Trust, Mortgage Loan Asset-Backed § | | |
| Certificates, Series 2007-1, its successors § | | |
| and/or assigns § | | |
|    Claimant § | | |
| § | | |
| vs. § | | |
| § | | |
| Stella F. Green § | | |
| Janna L. Countryman, Trustee § | | |
|    Respondents | | |

## OBJECTION TO CHAPTER 13 PLAN CONFIRMATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now U.S. Bank, National Association, as successor trustee to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1 ("Claimant"), its successors and assigns, a secured creditor and party in interest, and pursuant to 11 U.S.C. §§ 1322 (b)(2), 1324 and 1325(a)(5), and Bankruptcy Rule 3015 (f) files its Objection to Debtor's proposed Chapter 13 Plan of Reorganization ("Plan") and in support thereof would respectfully show the Court as follows:

### BACKGROUND

1. The above-styled Debtor filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code, on November 23, 2009.

2. Claimant is the owner and holder of a Real Estate Lien Note ("Note") in the original principal sum of $1000,000.00, dated January 12, 2007 executed by Stella Green, an unmarried person to Mortgage Electronic Registration Systems, Inc., solely as nominee for First Franklin Financial Corp., an Op. Sub. of MLB&T Co., FSB. The Note is secured by a Deed of Trust ("Deed of Trust") of even date therewith granting a lien against real estate located at 1128 Lake Haven Drive, Little Elm, Texas 75068 ("Property"). The Note and Deed of Trust were assigned to Claimant. True and correct copies of the Note and Deed of Trust are attached to Claimant's proof of claim on file in this case.

3. The total debt due and owing to Claimant as of the Petition Date was $110,537.29 as evidenced by Claimant's secured proof of claim (the "Proof of Claim"). Debtor has not objected to the amount stated as owing to Claimant in Claimant's Proof of Claim.

4. Claimant objects to confirmation of the Plan because Debtor's Plan incorrectly states that there are arrearages due in the amount of $7,000.00 when in fact, Claimant is entitled to full payment of its arrearage claim pursuant to the Note and Deed of Trust in the amount of $15,935.55 as of November 23, 2009. Claimant therefore objects to Debtor's proposed treatment of its secured claim.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Court deny confirmation of the Plan proposed by Debtor, and grant Claimant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

By: /s/ Gregory A. Balcom
Gregory A. Balcom/TBA No. 01617100
8584 Katy Freeway, Suite 305
Houston, Texas 77024
(713) 973-9900
(713) 464-8553 (Facsimile)
ATTORNEY FOR CLAIMANT